Steven W. Ritcheson (SBN 174062)
   Email: switcheson@insightplc.com
**INSIGHT, PLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383

James F. McDonough, III (*pro hac vice* to be applied for)
   Email: jmcdonough@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0869
Facsimile: (205) 547-5504

Attorneys for Plaintiff, *Max Blu Technologies, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAX BLU TECHNOLOGIES, LLC, | Case No. 2:17-cv-08674 |
| Plaintiff, | |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| ADVANCED MEDIA, INC. dba RITEK USA, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff MAX BLU TECHNOLOGIES, LLC (hereinafter, "Plaintiff" or "Max Blu") files this Original Complaint for Patent Infringement against Defendant ADVANCED MEDIA, INC. dba RITEK USA (hereinafter, "RITEK" or "Defendant") as follows:

## NATURE OF THE ACTION

1.  This is a patent infringement action to stop Defendant's infringement of the following patents (collectively, the "Patents-in-Suit"), which were duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), copies of which are attached hereto as **Exhibits A through D**, respectively:

|    | Patent No. | Title |
|----|------------|-------|
| A. | 7,352,685  | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| B. | 7,801,016  | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |
| C. | 8,593,931  | REPLICA DISK FOR DATA STORAGE |
| D. | RE44633    | REVERSE OPTICAL MASTERING FOR DATA STORAGE DISK REPLICAS |

2.  Plaintiff is the owner of the Patents-in-Suit and possesses all right, title and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

3.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

4.  Max Blu is a limited liability company organized and existing under the laws of the State of Texas and maintains its principal place of business at 104 East Houston Street, Suite 150, Marshall, Texas, 75670 (Harrison County).

5.  Based upon information and belief after reviewing public information, RITEK is a corporation duly organized and existing under the laws of California since December 14, 2001 and may be served through its registered agent, C T CORPORATION SYSTEM, which is located at 818 West 7th Street, Suite 930, Los Angeles, California, 90017.

6. According to public information, RITEK has its principal place of business located at 1440 Bridgegate Dr. Suite 370, Diamond Bar, California, 91765 (Los Angeles County).

7. Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises Blu-ray™ recordable media, including, but not limited to, recordable and re-writable discs in Blu-ray™ format.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

9. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of California and in the Central District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly conducts business within the State of California and within the Central District of California, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California and in the Central District of California.

10. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of California, and the Central District of California. Defendant has committed patent infringement in the State of California and in the Central District of California. Defendant solicits customers in the State of California and in the Central District of California. Defendant has many paying customers who are residents of the State of California and the Central District

of California and who use Defendant's products in the State of California and in the Central District of California.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1400(b) because RITEK resides in the state of California.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because RITEK resides in the Central District of California which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

13. Each of the Patents-in-Suit traces its priority date back to Application No. 09/055,825 (hereinafter, "the '825 Application"), which was filed with the USPTO on April 6, 1998, and was the parent to Application No. 09/730,246 (hereinafter, "the '246 Application"), which was filed with the USPTO on December 5, 2000 and issued as United States Patent No. 6,890,704. Application No. 09/850,252 (hereinafter, "the '252 Application") was a continuation-in-part application of the '246 Application, which was filed with the USPTO on May 7, 2001 and issued as United States Patent No. 6,728,196 on April 27, 2004.

14. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office after full and fair examinations.

15. Defendant sells, advertises, offers for sale, uses, or otherwise provides Blu-ray™ recordable media (collectively, the "Accused Products") to its customers, either directly or through third-party vendors. See **Exhibit E** (offer for sale of Blu-ray™ recordable media).

16. A picture of representative packaging for the Accused Products is attached as **Exhibit F** (packaging for Blu-ray™ recordable media).

17. A representative analysis of the physical characteristics of the Accused Products is attached as **Exhibit G** (analysis of a Blu-ray™ recordable disc).

18. According to public information, Defendant owns, operates, advertises, and/or controls the website www.ritekusa.com from which Defendant advertises, sells, offers to sell, provides and/or educates customers about its Products. See **Exhibit H** (website view).

### COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,352,685)

19. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-18 above.

20. United States Patent No. 7,352,685 (hereinafter, the "'685 Patent") was duly and legally issued by the USPTO on April 1, 2008 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation. See Ex. A.

21. The '685 Patent was issued after full and fair examination of application number 10/790,970 which was filed with the USPTO on March 2, 2004 as a continuation of application number 09/850,252 (which itself issued as United States Patent No. 6,728,196). See Ex. A.

22. A Certificate of Correction was issued for the '685 Patent on February 16, 2010. See Ex. A.

23. Defendant has infringed and continues to infringe the '685 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. More specifically, Defendant has infringed and continues to infringe one or more claims of the '685 Patent, including at least Claims 1, 2-4, 7, 9, and 19-35 (the "'685 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. Specifically, Defendant's Accused Products infringe the '685 Patent Claims by providing to its customers Blu-ray™ recordable media with the physical characteristics as claimed in the '685 Patent Claims. See Ex. G. Defendant's Accused Products are available for sale through various retailers located in this district and throughout the United States. See Ex. E.

Defendant's Accused Products are available for sale on its website.  See Ex. F and Ex. H.

24. Defendant has intentionally induced and continues to induce infringement of the '685 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner.  Despite knowledge of the '685 Patent as early as the date of service of the Original Complaint in this action, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '685 Patent claims.[1]  The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the '685 Patent by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as Blu-ray™ compliant through use of such logos and terminology, thereby inducing Defendant's vendors to sell and their customers to purchase Blu-ray™ recordable media that infringe one or more claims of the '685 Patent.  Defendant knew that its actions, including but not limited to, making the Accused Products available for sale under its trademarked brand, would induce, have induced, and will continue to induce infringement by its vendors and their customers by continuing to sell, support, and instruct its customers on using, the Accused Products. See Ex. E, Ex. F and Ex. H.

---

[1] See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1345 (Fed. Cir. 2012); see also Soteria Encryption, LLC v. Lenovo United States, Inc., Case No. CV 16-7958-GW(JPRx), 2017 WL 3449058, *2 (C.D. Cal. Feb. 27, 2017) ("courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for induced infringement.); Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc., Case No. SACV 13-0030 AG (MLGx), 2013 WL 12126111 (C.D. Cal. Aug. 201, 2013) ("The Federal Circuit therefore held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement.").

25. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27. Defendant's infringement of Plaintiff's rights under the '685 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## <u>COUNT II</u>

## (INFRINGEMENT OF U.S. PATENT NO. 7,801,016)

28. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-18 above.

29. United States Patent No. 7,801,016 (hereinafter, the "'016 Patent") was duly and legally issued by the USPTO on September 21, 2010 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Imation Corporation. <u>See</u> Ex. B.

30. The '016 Patent was issued after full and fair examination of application number 12/584,454 which was filed with the USPTO on September 4, 2009 as a continuation of application number 10/790,965 (which itself issued as United States Patent No. 7,600,992). <u>See</u> Ex. B.

31. Defendant has infringed and continues to infringe the '016 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. More specifically, Defendant has infringed and continues to infringe one or more claims of the '016 Patent, including at least Claim 1 (the "'016 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. Specifically, Defendant's Accused Products

infringe the '016 Patent Claims by providing to its customers Blu-ray™ recordable media with the physical characteristics as claimed in the '016 Patent Claims. <u>See</u> Ex. G. Defendant's Accused Products are available for sale through various retailers located in this district and throughout the United States. <u>See</u> Ex. E. Defendant's Accused Products are available for sale on its website. <u>See</u> Ex. F and Ex. H.

32. Defendant has intentionally induced and continues to induce infringement of the '016 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner. Despite knowledge of the '016 Patent as early as the date of service of the Original Complaint in this action, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '016 Patent claims.[2] The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the '016 Patent by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as Blu-ray™ compliant through use of such logos and terminology, thereby inducing Defendant's vendors to sell and their customers to purchase Blu-ray™ recordable media that infringe one or more claims of the '016 Patent. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale under its trademarked brand, would induce, have induced, and will continue to induce infringement by its vendors and their customers by continuing to sell, support, and instruct its customers on using, the Accused Products. <u>See</u> Ex. E, Ex. F and Ex. H.

33. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

---

[2] <u>See</u> Footnote 1 above.

34. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35. Defendant's infringement of Plaintiff's rights under the '016 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

<u>COUNT III</u>

**(INFRINGEMENT OF U.S. PATENT NO. 8,593,931)**

36. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-18 above.

37. United States Patent No. 8,593,931 (hereinafter, the "'931 Patent") was duly and legally issued by the USPTO on November 26, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC. <u>See</u> Ex. C.

38. The '931 Patent was issued after full and fair examination of application number 13/730,733 which was filed with the USPTO on December 28, 2012 as a continuation of application number 13/089,994 (which itself issued as United States Patent No. 8,363,534). <u>See</u> Ex. C.

39. Defendant has infringed and continues to infringe the '931 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products.  More specifically, Defendant has infringed and continues to infringe one or more claims of the '931 Patent, including at least Claims 1, 2-4, 7, 9-11 and 14 (the "'931 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products.  Specifically, Defendant's Accused Products infringe the '931 Patent Claims by providing to its customers Blu-ray™ recordable media with the physical characteristics as claimed in the '931 Patent

Claims.  <u>See</u> Ex. G.  Defendant's Accused Products are available for sale through various retailers located in this district and throughout the United States.  <u>See</u> Ex. E. Defendant's Accused Products are available for sale on its website.  <u>See</u> Ex. F and Ex. H.

40. Defendant has intentionally induced and continues to induce infringement of the '931 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner.  Despite knowledge of the '931 Patent as early as the date of service of the Original Complaint in this action, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '931 Patent claims.[3]  The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the '931 Patent by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as Blu-ray™ compliant through use of such logos and terminology, thereby inducing Defendant's vendors to sell and their customers to purchase Blu-ray™ recordable media that infringe one or more claims of the '931 Patent. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale under its trademarked brand, would induce, have induced, and will continue to induce infringement by its vendors and their customers by continuing to sell, support, and instruct its customers on using, the Accused Products. <u>See</u> Ex. E, Ex. F and Ex. H.

41. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

---

[3] <u>See</u> Footnote 1 above.

42. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43. Defendant's infringement of Plaintiff's rights under the '931 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. RE44633)

44. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-18 above.

45. United States Reissued Patent No. RE44633 (hereinafter, the "'633 Patent") was duly and legally issued by the USPTO on December 10, 2013 to its inventors, Jathan D. Edwards and Donald J. Kerfeld, and was initially assigned to Legger Col. A.B. LLC.  See Ex. D.  The '633 Patent was filed with the USPTO on September 23, 2011 as application number 13/243,939. *Id.*

46. The reexamination that resulted in the issuance of the '633 Patent was based on United States Patent No. 7,952,986 (the "'986 Patent"), which issued on May 31, 2011 from Application No. 12/852,139 and was filed with the USPTO on August 6, 2010, as a continuation of application number 12/584,454 (which itself issued as United States Patent No. 7,801,016).  See Ex. D.

47. Defendant has infringed and continues to infringe the '633 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products.  More specifically, Defendant has infringed and continues to infringe one or more claims of the '633 Patent, including at least Claims 1, 2-4, 15, 16, 18 and 19 (the "'633 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products.  Specifically, Defendant's

Accused Products infringe the '633 Patent Claims by providing to its customers Blu-ray™ recordable media with the physical characteristics as claimed in the '633 Patent Claims.  See Ex. G.  Defendant's Accused Products are available for sale through various retailers located in this district and throughout the United States.  See Ex. E.  Defendant's Accused Products are available for sale on its website.  See Ex. F and Ex. H.

48. Defendant has intentionally induced and continues to induce infringement of the '633 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner.  Despite knowledge of the '633 Patent as early as the date of service of the Original Complaint in this action, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '633 Patent claims.[4]  The provision of and sale of the Accused Products provides Defendant with a source of revenue and business focus.  Defendant has specifically intended its customers to use the Accused Products in such a way that infringes the '633 Patent by, at a minimum, providing and supporting the Accused Products under its trademarked brand and referring to and marking the products as Blu-ray™ compliant through use of such logos and terminology, thereby inducing Defendant's vendors to sell and their customers to purchase Blu-ray™ recordable media that infringe one or more claims of the '633 Patent. Defendant knew that its actions, including but not limited to, making the Accused Products available for sale under its trademarked brand, would induce, have induced, and will continue to induce infringement by its vendors and their customers by continuing to sell, support, and instruct its customers on using, the Accused Products. See Ex. E, Ex. F and Ex. H.

---

[4] See Footnote 1 above.

49. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

50. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51. Defendant's infringement of Plaintiff's rights under the '633 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

52. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

53. Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees,

1    and attorneys, and those persons in active concert or participation with

2    them who receive actual notice of the order by personal service or

3    otherwise, from further acts of infringement with respect to any one or

4    more of the claims of the Patents-in-Suit;

5    E.    That this Court declare this to be an exceptional case and award Plaintiff

6          its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §

7          285; and,

8    F.    Any further relief that this Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

Dated: <u>December 1, 2017</u>

/s/ Steven W. Ritcheson
Steven W. Ritcheson (SBN 174062)
    Email: swritcheson@insightplc.com
**INSIGHT, PLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383

James F. McDonough, III *
    Email: jmcdonough@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339-4192
Telephone: (404) 996-0869
Facsimile: (205) 547-5504

Attorneys For Plaintiff,
*Max Blu Technologies, LLC*

* *pro hac vice* to be applied for